## Schweitzer's Estate.

*Will—Probate—Issue devisavit vel non—Refusal of issue—Testamentary capacity—Undue influence—Evidence.*

An issue devisavit vel non is properly refused where the evidence shows that the deceased, an intelligent business man, of unusual strength of character, was at the time of the execution of his will physically weak, but with mind unimpaired, with knowledge of his estate, and what disposition he wished to make of it; that he dictated his will to a justice of the peace whom he had himself summoned; that two days later he read the will as prepared by the justice, expressed his approval, sent for a tenant, who with the justice witnessed the execution of the will; that the justice took the will with him and retained

possession of it until it was delivered to the register of wills; and that the chief beneficiary, a daughter, was not shown to have had any knowledge of the contents of the will, nor had at any time exerted any influence to procure its making.

Argued March 7, 1910. Appeal, No. 190, Jan. T., 1909, by Laura M. Clause, from decree of O. C. Northampton Co., refusing issue devisavit vel non in Estate of Robert T. Schweitzer, deceased. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for issue devisavit vel non. Before STEWART, J. The opinion of the Supreme Court states the facts.

*Error assigned* was refusing issue devisavit vel non.

*Calvin F. Smith*, with him *Thomas D. Danner* and *George F. P. Young*, for appellant.

*Robert A. Stotz* and *W. E. Doster*, for appellee.

PER CURIAM, May 9, 1910:

We find no merit in this appeal. It is from the refusal of an issue devisavit vel non asked for on the grounds of want of testamentary capacity and that the will was procured by undue influence. The learned judge of the orphans' court found that none of the allegations of the petition were sustained and in his conclusion we fully concur. The testator was an intelligent business man of unusual strength of character. He had managed his business affairs until within a few months of his death, when he had a serious illness. At the time of the execution of his will he was physically weak, but his mind was unimpaired. He knew what estate he possessed and what disposition he wished to make of it. He sent for a justice of the peace and while alone with him dictated the will and stated his reasons for the disposition made. The will, prepared from the notes taken by the justice,

was brought to him two days later. He read it, expressed his approval of it and sent for his tenant to act as one of the witnesses. He signed the will in the presence of the tenant and of the justice, who took the will with him and retained possession of it until it was delivered to the register of wills.

All of the facts stated, connected with the execution of the will, were established by the testimony of witnesses called by the contestant. The will was not under the circumstances an unnatural one, and there was no testimony that the chief beneficiary, a daughter of the testator, knew of its contents or had at any time exerted any influence to procure its making. Under all the testimony a verdict against the will could not be allowed to stand. This is the authoritative test in the hearing of an application for an issue: Wainwright's App., 89 Pa. 220; Graham's Est., 225 Pa. 314.

The decree is affirmed at the cost of the appellant.